[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT
The plaintiff claims to have been injured while shopping at Wal-Mart in Norwich on February 21, 1995. She was injured when a wood splitting maul, weighing eight pounds, fell off the shelf onto her foot causing a fracture to the big toe of her right foot. She incurred medical bills of $442.72, including the Backus Hospital bill of $272.73 and Dr. William Richeimer's bill of $170.
She testified that she was employed as a guard in a state correctional institution and was out of work from February 21, 1995 until March 20, 1995, a period of seventeen days. She claims she lost $2,061.97 in wages and possible overtime for two days for $388.08, a total lost wage claim of $2,450.05.
The defendant denies that it was negligent and claims by way of special defense that the plaintiff was herself fully responsible or partially at fault for her injuries.
The court finds that the plaintiff did bump into the handle of a maul causing the base to fall on her foot. The court also finds that because of the slight impact of her cart or the rug that was in it against the handle, the maul would not have fallen from the shelf had it been properly secured.
Accordingly, the court finds the defendant to be negligent in the way the maul was positioned on the shelf, but that the plaintiff was 50 percent responsible for her injuries.
The court finds the economic damages to be medical bills and lost wages of $442.72 and $2,061.97. The court does not find the "possible" overtime to be compensatory. Total economic damages are $2,504.69.
The plaintiff testified at the time the maul landed on her foot, that she felt severe pain. When she took off her boot and sock her toe was swollen and purple. The x-rays disclosed an undisplaced fracture of the great toe on her right foot. There was tenderness and swelling according to the doctor's report. Treatment consisted of medication and the use of crutches. She could not wear a shoe for three and a-half weeks. After she returned to work on March 20, 1995, she had no further problems with her toe.
The court finds that noneconomic damages for pain, suffering and disability should be awarded in the amount of $2,500. CT Page 8927
The economic damages of $2,504.69 plus the noneconomic damages of $2,500 total $5,004.69. Since the plaintiff was 50 percent; responsible for her injuries, the judgment for the plaintiff is $2,502.35.
D. Michael Hurley Judge Trial Referee